HERNÁNDEZ *v*. THE AMERICAN RAILROAD COMPANY OF PORTO
RICO.

APPEAL from the District Court of Mayagüez.

No. 735.—Decided April 24, 1912.

DAMAGES—WITNESSES—VERACITY.—The fact that a witness has had a serious disagreement with an official of a railway company is not sufficient of itself to deprive the testimony of this witness of due credit in a suit against said company, especially when upon weighing said testimony the court became convinced that it was perfectly logical and had been corroborated in its essential parts.

ID.—PHYSICAL PAINS—LOSS OF TIME—NECESSARY EXPENSES.—In the case at bar it was decided on appeal that it had been alleged and proven that the plaintiff suffered real and positive damage in his person causing physical pain, loss of work, actual expenses, and an evident imperfection in his sense of hearing, not by his own carelessness, but through the negligence of the defendant, a judgment against the defendant for the sum of $700 and costs conforms to law.

The facts are stated in the opinion.

*Messrs. N. B. K. Pettingill* and *Fernando Vázquez* for appellant.

*Mr José Benet* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The case at bar is an action for damages caused to the plaintiff through the negligence of the defendant.

The complaint alleges, in brief, that on March 15, 1910, the plaintiff was traveling as a passenger in one of the trains of the defendant corporation on a ticket purchased at the Mayagüez station, and was going to the station of "Limon," within the municipality of Lajas. On starting from the station of "Filial Amor" the engineer in charge of the locomotive of said train negligently, and with a wanton disregard for the security of the passengers, ran the train at great speed, and a few minutes later the first-class cars overturned and were dragged for a long distance without the engineer being able to notice the accident and without there being any means of calling his attention to it, owing to the absence of

connection between the locomotive and the passenger cars to give him such notice. The second-class cars also tipped over and the locomotive, with the mail car, went on until the coupler, which connected it with the first car, broke.

That by reason of the derailment and tipping over of the cars the plaintiff was thrown violently from his seat, receiving as he fell a serious injury on the left ear; that his pain was intense and lasted for several days; and that by reason of his injury he had to abandon his occupations, incur expenses, and for many weeks be under medical treatment, and, finally, his sense of hearing being greatly impaired he had to undergo an operation. Damages are fixed in the sum of $1,000.

The defendant in its answer admitted the truth of the derailment, but, by way of defense, alleged that the same was not due to the carelessness and negligence of any of the train crew. It also admitted the truth of the fact that the cars tipped over, but denied that the train was running at great speed or that the derailed cars were dragged or that the locomotive broke, and, finally, it denied that the plaintiff had sustained the damages alleged in his complaint.

Trial having been had at which both parties introduced their evidence, the District Court of Mayagüez, on December 16, 1910, rendered judgment declaring the law and the facts to be in favor of the plaintiff and that the plaintiff recover from the defendant the sum of $700, with costs.

The present appeal was taken from said judgment and the appellant assigns three errors in its brief, to wit:

1. That the court erred in holding that it had been proved that the derailment was due to the fault and negligence of the defendant.

2. That the court erred in holding that it had been proved that the plaintiff became deaf by reason of the derailment, and

3. That the court erred in fixing the amount of damages.

Let us examine the evidence. With reference to the cause

of the accident some witnesses testified that the train was going at great speed; that after the cars ran off the track there was no means of signaling the engineer to stop and the locomotive went on dragging the cars that were off the rails until they tipped over. But the most concrete evidence about this fact is the testimony of the witness, Charles Manes, who testified that the derailment was due to the defective adjustment of a guardrail. The witness not only establishes this conclusion, but goes into ample details and states the facts which serve him as a foundation to reach that conclusion.

To contradict the testimony of the witness, Manes, the defendant introduced the witness, Grosgean, engineer in charge of the repairs of the railroad track of the defendant on the Isabel-Ponce section.

Grosgean, at the outset, testifies "that he cannot state what was the cause of the accident because he was not there," and he concludes by stating "that in accordance with his opinion the loosening of the guardrail was the cause of the accident." But the witness also testifies that he had examined the road before the accident and it may be deduced from his testimony that he was inclined to state that he had found the road in good condition. Therefore, as to this point only, the testimony of Grosgean seems to contradict the testimony of Manes. Both agree that the accident was due to the displacement of the guardrail, but they disagree in that Manes testifies that the loosening of the guardrail was due to its being defectively adjusted, while Grosgean seems to give the impression that it was properly placed. Grosgean in his testimony admits that when the guardrail was replaced it was fastened in the same manner in which it was before, but more screws were placed between the rails. The trial court accepted the testimony of Manes.

Appellant in its brief contends that the testimony of Manes should be taken cautiously because he admitted that a few moments after the accident he had a serious disagree-

ment with an official of the company, and this leads to the belief that he did not testify the truth.

We cannot accept as sound the contention of appellant. The mere fact of a serious disagreement by itself is not sufficient to deprive the testimony of a witness of due credit. Moreover, even assuming that the court, at the outset, looked cautiously upon the testimony of Manes; if, later, when the same was considered in connection with the other testimony adduced before the court, and if, when estimating it in relation to that of the witness of defendant, the engineer in charge of the road on which the accident took place, and if, upon weighing all the circumstances of the case, the court was convinced that said testimony had been corroborated in its essential parts and that in other parts it was perfectly logical, it committed no error in giving it full credit and in reaching the conclusion, based upon said testimony and upon the other evidence introduced, that the accident was due to the negligence of the defendant corporation.

In regard to the damages sustained and amount of indemnity therefor, the judgment is wholly sustained by the testimony of the witnesses and experts.

The plaintiff suffered a severe blow. He was seen lying on the ground bandaged and bleeding, was afterwards confined to the hospital where he spent several days, and, finally, he was treated and operated on by Dr. Lange, who testified that the sense of hearing of the plaintiff had been greatly impaired by the blow. Dr. Lange presented to the plaintiff a bill for $100, which he afterwards reduced to $75. The plaintiff has been an army sergeant, has been in the business of buying and selling, and was employed as shipping clerk on the pier by the Guánica Central.

Therefore, it having been duly alleged and proved that the plaintiff suffered real and positive damages in his person which were the cause of physical pain, loss of work, material expenses, and certain imperfection in his sense of hearing,

by reason not of his own carelessness, but through the negligence of the defendant; the damages having been fixed, taking into consideration the circumstances of the case, within the limits asked by the plaintiff (*Díaz* v. *San Juan Light and Transit Company*, 17 P. R. R., 64), and the appellant having failed to show the existence of any fundamental error, the appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.